Howard appeals the termination of his parental rights to his son, J.J.H., born in 2002, claiming termination was not in his son's best interests. The record demonstrates by clear and convincing evidence that Howard was offered reasonable visitation, and termination is in J.J.H.'s best interests. We affirm.
We review termination of parental rights de novo. In reJ.E., 723 N.W.2d 793, 798 (Iowa 2006).
The Iowa Department of Human Services (DHS) has been involved with J.J.H.'s family since early 2007, after Howard was arrested following a domestic incident. Howard's wife, J.J.H.'s mother, J.I., sustained two black eyes and other bruising during this incident.[1]
The physical and emotional strife between J.J.H.'s parents was enhanced by their alcohol and illegal drug use. In a July 8, 2008 report, in-home provider, Bonnie Martin, notes, "[J.J.H.] freely talks about explicit memories he has regarding physical abuse he observed." However, neither parent is willing to believe that [J.J.H.] was traumatized by the "horrendous" domestic abuse he has witnessed between his parents. As a consequence of J.J.H.'s exposure to violence, he suffers from post-traumatic stress syndrome. In addition, J.J.H. has exhibited very aggressive behaviors towards other children, likely the result of witnessing extensive violence in his parents' home. J.J.H. clearly does not feel safe in the presence of his father, and has expressed fears that his father would again become violent. J.J.H.'s therapist opined he may never be ready to reunite with either parent.
Howard was offered numerous services to facilitate reunification; however, he has not followed through with substance abuse treatment providers, mental health counselors, nor batterer's education facilitators' recommendations. By the time the termination petition came on for hearing in April 2009, the district court found Howard had made, "little, if any progress toward reunification."
On appeal, Howard argues for the first time that it is not in J.J.H.'s best interests to have Howard's parental rights terminated, as termination "cuts off any potential support and relationships with the child's paternal family." As this argument was not raised below, nor ruled on by the district court, we will not address it here. Meier v. Senecaut,641 N.W.2d 532, 537 (Iowa 2002). We do however note that J.J.H. was adjudicated a child in need of assistance on April 26, 2007, and the district court has conducted several review hearings since that time, allowing for a full development of all the evidence Howard wished to present, including his concerns for J.J.H.'s future. Given the close judicial scrutiny reflected in the various district court rulings, we find no merit to Howard's newly asserted concerns regarding J.J.H.'s best interests.
Howard also asserts he was not offered reasonable visitation with J.J.H. According to DHS worker Susan Ditzler's August 12, 2008 report, although visitation was increased on Howard's request, he missed two out of five scheduled visitations. He also missed two out of five joint therapy sessions with J.J.H. and his therapist. In addition, Howard did not follow through with telephone calls arranged with J.J.H., nor did he keep in regular contact with DHS. From the record, it appears Howard was offered increased visitation but failed to take advantage of the opportunities available to him.
J.J.H. has been in the same family foster home since March 2007. He has expressed that he wants to live in the foster home "for the rest of my life" because he feels "safe."J.E., 723 N.W.2d at 802 (Cady, J., concurring specially) (stating children's safety and their need for a permanent home are the defining elements in a child's best interests).
We agree with the district court that termination is in J.J.H.'s best interests and affirm the termination of Howard's parental rights.
AFFIRMED.
[1] J.J.H.'s mother's parental rights were also terminated; she appealed, but her appeal was dismissed as untimely.